# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LARRY DeLAWDER,

        Petitioner,    :    Case No. 1:20-cv-542

  - vs -        District Judge Michael R. Barrett
                Magistrate Judge Michael R. Merz

WANZA L. JACKSON-MITCHELL,
  Warden

                         :
        Respondent.

## TRANSFER ORDER

This habeas corpus case, brought by Petitioner Larry DeLawder with the assistance of counsel, is before the Court on Respondent's Motion to Transfer this case to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas corpus application (ECF No. 7). The Motion was filed and served November 10, 2020. Under S. D. Ohio Civ. R. 7.2, Petitioner's memorandum in opposition was due to be filed by December 1, 2020, but no opposition has been filed and the time for doing so has expired.

The Magistrate Judge reference in this case has been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

Respondent asserts that the instant Petition is a second or successive habeas corpus application which cannot proceed without prior permission of the Sixth Circuit under 28 U.S.C. § 2244(b). The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read as follows:

1

(b)

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>
> (B)
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

If a petition is second or successive, a district court lacks jurisdiction to consider it if the petitioner has not first received authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

In *DeLawder v. Warden,* Case No. 1:13-cv-487, Petitioner here filed a previous habeas corpus application on July 15, 2013.  On July 31, 2014, the Magistrate Judge reference in that prior case was transferred to the undersigned who recommended to District Judge Spiegel that the

Petition be dismissed with prejudice, concluding all eleven claims were either without merit of procedurally defaulted (Report, ECF No. 21 in 1:13-cv-487). DeLawder did not file objections. Judge Spiegel accordingly adopted the Report, dismissed the Petition with prejudice, and denied DeLawder a certificate of appealability. *Id.* at ECF No. 21, 22. DeLawder did not appeal or attempt to obtain a certificate of appealability from the Sixth Circuit and the judgment in the prior case remains final. A dismissal for procedural default is a dismissal on the merits; a second habeas application after such a dismissal must have the permission of the Court of Appeals under 28 U.S.C. § 2244(b)(3). *In re Benedict Joseph Cook,* 215 F.3d 606 (6th Cir. 2000).

Comparing the Petition in Case No. 1:13-cv-487 with the Petition here, the Magistrate Judge concludes the instant case is clearly a second or successive habeas application. Both Petitions attack the same state court judgment, to wit, DeLawder's December 23, 2009, conviction in the Common Pleas Court of Scioto County, Ohio, of charges of aggravated murder, murder, felonious assault, aggravated robbery, robbery, and tampering with evidence and his consequent sentence to thirty-six years to life imprisonment (Petition, ECF No. 1, PageID 2).

While the instant Petition speaks to DeLawder's post-conviction efforts to obtain release since the final judgment in 1:13-cv-487, it does not mention the prior case. The standard form for § 2254 cases which was used here asks at Question 14 if the Petitioner has previously filed any challenge to the conviction in federal court. Petitioner has answered "no," but that is plainly incorrect.

Petitioner does not rely on any of the known exceptions to the second or successive bar. For example, he does not allege the judgment of conviction has been amended since the prior decision. See *Magwood v. Patterson*, 561 U.S. 320 (2010), and *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015).

3

Because the instant Petition is a second or successive habeas corpus application for relief from the same judgment as in the prior case, Petitioner must receive permission from the Sixth Circuit before this Court has jurisdiction to hear the case. *Burton, supra*. Because Petitioner has filed without circuit court permission, we are required to transfer the case to the Sixth Circuit for its consideration under 28 U.S.C. § 2244(b). *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, the Clerk is ORDERED to transfer this case to the United States Court of Appeals for the Sixth Circuit for that court's consideration of whether the case may proceed.

February 8, 2021.

s/ *Michael R. Merz*<br>
United States Magistrate Judge